UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RIGOBERTO MARTINEZ-RIVERA aka RIBERTO MARTINEZ-RIVERA,<br><br>Defendant. | CASE NO. MJ26-291<br><br>DETENTION ORDER |

Offenses charged:

1. Reentry of Removed Alien

Date of Detention Hearing: July 28, 2026

The Court reviewed the pre-trial services report and Indictment, and finds that because Defendant poses a serious risk of flight he qualifies for a detention hearing, as he is not a citizen of the United States, has no ties to the District and has significant ties to his home country of Honduras.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant poses a risk of flight. Defendant is a native and citizen of Honduras and has limited ties to this District and the United States. Defendant's immediate family all remain in Honduras, and he reports no established residence or regular employment in this District.

2. Defendant poses a danger to the community. Defendant has a significant criminal history, which includes possession of firearms. Defendant has at least two convictions involving violence or the threat of extreme violence, including recently in April 2026 when he was convicted of unlawful possession of a firearm.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings.

It is therefore ORDERED:

1. Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;
3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a

court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 29th day of July, 2026.

S. KATE VAUGHAN
United States Magistrate Judge